# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| REYNA CAPITAL CORPORATION, )<br>an Ohio Corporation )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>LML TECHNOLOGIES, INC., )<br>formerly known as, )<br>LEASE MARKETING, LTD., )<br>an Illinois Corporation, )<br>  )<br>  Defendant. )<br>  ) | No. 03 C 6396<br><br>Magistrate Judge Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant LML Technologies, Inc.'s Motion to Bar Plaintiff's Expert [Doc. No. 81]. For the reasons set forth below, Defendant's motion is GRANTED.

## I. BACKGROUND

Plaintiff Reyna Capital Corporation ("Reyna") filed this action against Defendant LML Technologies, Inc. ("LML") for allegedly breaching the terms of a February 2, 2000 contract. Under the terms of this contract, Plaintiff purchased automobile leases that Defendant had entered into with automobile dealerships (Pl.'s Resp. at 2). At the time, Defendant was in the business of leasing computer hardware and software to automobile dealers, and Plaintiff provides financing to businesses like LML. *Id.* Plaintiff alleges that Defendant breached the terms of the contract by failing to provide the dealerships with functioning software and by failing to service and maintain its software and hardware. *Id.*

After multiple discovery extensions, on January 4, 2006 this Court ordered that expert discovery close on March 31, 2006 [Doc. No. 74]. On March 30, 2006, Plaintiff moved for an additional extension, and this Court extended expert discovery through May 26, 2006 [Doc. Nos. 76, 79]. On March 31, 2006, Plaintiff disclosed Hermann Kelley, "a computer management consultant," as an expert. (Pl.'s Resp. at 3). Plaintiff "retained and disclosed Mr. Kelley as a testifying expert for one reason: to explain from the vantage point of an experienced computer consultant, how LML failed to meet its obligations to these 23 dealers." *Id.* at 5. Mr. Kelley's seven-page expert report consists of the following sections: (a) "Qualifications and Background," pages 1-3; (b) "Documents Reviewed," page 4; (c) "Findings and Opinions," pages 5-7; and (d) "Attachments," page 7. (Pl.'s Resp., Ex. A). In his 1 ½-page "Findings and Opinions" section, Mr. Kelley states that he "was retained by Swanson, Martin & Bell, LLP to form an opinion based on the review of the [22] documents listed above." *Id.* at 5. This statement is followed by five short enumerated paragraphs that contain the conclusions of Mr. Kelley without any explanation as to how these conclusions were reached. *Id.* at 5-6. On May 26, 2006, the day expert discovery closed, Plaintiff "supplemented the report with a list of all documents provided to Mr. Kelley," but "[a]t no time did the opinions of Mr. Kelley ever change one iota." (Pl.'s Resp. at 6).

Defendant has moved to bar Mr. Kelley from presenting expert testimony at trial. Specifically, Defendant alleges that Mr. Kelley's expert report fails to comply with the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure and Rule 702 of the Federal Rules of Evidence.

## II. DISCUSSION

### A. Disclosure of Expert Testimony

Rule 26(a)(2) of the Federal Rules of Civil Procedure ("Rule 26") governs the disclosure of expert testimony. Under this rule, expert disclosures must be accompanied by a report prepared and signed by the expert witness. Fed.R.Civ.P. 26(a)(2)(B). This report must include, *inter alia*, (1) "a complete statement of all opinions to be expressed," (2) "the basis and reasons" for the expert's opinions, and (3) "the data or other information considered" by the expert in forming his opinions. *Id.* "Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." *Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 742 n.6 (7th Cir. 1998). "The incentive for total disclosure is the threat that expert testimony not disclosed in accordance with the rule can be excluded pursuant to Rule 37(c)(1). The availability of this sanction puts teeth into the rule." *Id.* (citation omitted). Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." Fed.R.Civ.P 37(c)(1). This "sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado*, 150 F.3d at 742.

In this case, the expert report of Mr. Kelley fails to comply with the requirements of Rule 26. The 1 ½-page "Findings and Opinions" section of Mr. Kelley's expert report contains five short enumerated paragraphs comprised of conclusory statements. The report neglects to mention the purpose of Mr. Kelley's retention as an expert and fails to explain "how" and "why" he

reached his conclusions. For example, enumerated paragraph no. 3, in its entirety, states:

> 3. Tech Support Quality
>
> LML's tech support organization seems hampered by a number of issues. This includes poor routing and escalation procedures as well as response times, follow-through, scheduling of on-site visits and scheduling/shipping of hardware replacements."

(Pl.'s Resp., Ex. A, at 5). Because Mr. Kelley fails to state the basis and reasons for his opinions in accordance with Rule 26, the Court concludes his expert testimony should be excluded under Rule 37(c)(1) of the Federal Rules of Civil Procedure.

### B. Admissibility of Expert Testimony

Federal Rule of Evidence 702 ("Rule 702"), along with the principles of the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny, govern the admissibility of expert testimony. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods, reliably to the facts of the case.

Fed.R.Evid. 702. Under Rule 702, the district court serves as a gatekeeper, and "the trial judge must ensure that any and all scientific [technical, or other specialized expert] testimony or evidence admitted is not only relevant, but reliable. *Daubert*, 509 U.S. at 589; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999). Relevant expert testimony "assists the trier of fact in understanding the evidence in determining a fact at issue." *Masters v. Hesston Corp.*, 291 F.3d 985, 991 (7th Cir. 2002). To determine whether the expert's testimony is reliable, "the district

4

judge must determine whether the expert is qualified in the relevant field and whether the methodology underlying the expert's conclusions is reliable." *Id.*

Repeatedly, the Seventh Circuit has emphasized that "experts' work is admissible only to the extent that is reasoned, uses the methods of the discipline, and is founded on data. Talking off the cuff—deploying neither data nor analysis—is not an acceptable methodology." *Naeem v. McKesson Drug Co.*, 444 F.3d 593, 608 (7th Cir. 2006) (*citing Lang v. Kohl's Food Stores, Inc.*, 217 F.3d 919, 924 (7th Cir. 2000)). "An expert who supplies nothing but a bottom line supplies nothing of value to the judicial process." *Minasian v. Standard Chartered Bank, PLC*, 109 F.3d 1212, 1216 (7th Cir. 1997). Accordingly, "an expert's report that does nothing to substantiate [his] opinion is worthless, and therefore is inadmissible." *Id.*

In this case, even if this Court were to assume that Mr. Kelley is qualified to give relevant expert testimony under Rule 702, the report is so scanty it is not possible to find his testimony admissible. Based on Mr. Kelley's report, the Court is unable to determine whether the methodology underlying his conclusions is reliable because the report contains no evidence that Mr. Kelley used any method or analysis in forming his conclusions; the report simply lists his conclusions. Because Mr. Kelley does not substantiate the opinions in his report, the Court concludes his report is inadmissible under Rule 702.

## IV. CONCLUSION

The expert report of Hermann Kelley fails to comply with the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure and Rule 702 of the Federal Rules of Evidence. As such, Defendant LML Technologies, Inc.'s Motion to Bar Plaintiff's Expert [Doc. No. 81] is GRANTED.

SO ORDERED.                    ENTERED:

Dated: March 30, 2007

_____
HON. MARIA VALDEZ
United States Magistrate Judge